Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorneys for Plaintiff on Signature Page]

*Attorneys for Plaintiff,*
*Iliana Aguilar*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ILIANA AGUILAR, on behalf of herself and all other similarly situated individuals,**<br>**Plaintiff,**<br><br>v.<br><br><br>**GREENSPOON MARDER, P.A.,**<br><br>**Defendant.** | Case No:    **'17CV0876 JLS  BGS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**CLASS ACTION**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

1

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Iliana Aguilar, ("Plaintiff"), through Plaintiff's attorneys, brings this action on behalf of herself and others similarly situated individuals, seeking available legal and equitable remedies for of Greenspoon Marder, P.A.'s ("Defendant") violations of the FDCPA, to challenge the actions with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

2

**JURISDICTION AND VENUE**

7.   This Court has federal question jurisdiction because this case arises out of violation of federal laws, specifically the FDCPA, 15 U.S.C. §§ 1692 et seq.

8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k).

9.   Defendant regularly attempts to collect alleged debts against consumers in San Diego County by mailing abusive collection letters consumers, as Defendant did to Plaintiff.

10.  Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant, personal jurisdiction is established.

11.  Defendant is also subject to personal jurisdiction within this district because it has office(s) in San Diego county.

**PARTIES**

12.  Plaintiff is a natural person, as that term is used in 15 U.S.C. § 1692 *et seq.,* who resides in the County of San Diego, State of California.

13.  Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.  Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a professional association and a national full-service business law firm, based in Florida, collecting debt on behalf of its clients. Plaintiff alleges that at all times relevant herein Defendant conducted

3

business in the State of California, in the County of San Diego, within this
judicial district.

15. Defendant uses an instrumentality of interstate commerce or the mails in a
business the principal purpose of which is the collection of debts, or who
regularly collects or attempts to collect, directly or indirectly, debts owed or due
or asserted to be owed or due another and is therefore a "debt collector" as that
phrase is defined by 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged
to be due or owing from a natural person by reason of a consumer credit
transaction. As such, this action arises out of a "consumer debt" and "consumer
credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

### FACTUAL ALLEGATIONS

17. Sometime in 2006, Plaintiff allegedly incurred a debt Westgate Flamingo Bay,
LLC, which subsequently sold, transferred, or assigned the debt for collection to
Defendant.

18. These alleged financial obligations were money, property, or their equivalent,
for personal, family and/or household purposes, which is due or owing, or
alleged to be due or owing, from a natural person to another person and were
therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

19. On or about January 18, 2017, Defendant, for the first time, corresponded with
Plaintiff in writing in attempt to collect debt on behalf of Westgate Flamingo
Bay, LLC.

20. Defendant's January 18, 2017 letter stated as follows: "The total past due
amount is $14,059.16, *plus any interest and late charges which have been added
to your account balance.*" (emphasis added).

21. Defendant's January 18, 2017 letter failed to inform Plaintiff of the total amount
due, together with any interests and late charges.

4

22. Defendant's January 18, 2017 letter further failed to provide an amount for the interest and late charges or even a percentage for consumers to calculate the interest and late charges "which ha[d] been added" to the total account balance.

23. Under the FDCPA 15 U.S.C. § 1692e, debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. Defendant's January 18, 2017 letter was false and/or misleading because it failed to provide the total amount of debt by intentionally omitting the amount of interest and late charges, in violation of 15 U.S.C. § 1692e, 1692e(2)(A), and 1692e(10).

25. Defendant's January 18, 2017 letter, wherein Defendant failed to provide the total amount of the interest and charges, was also in violation of 15 U.S.C. § 1692g.

26. Under the FDCPA, 15 U.S.C. § 1692g, a debt collector must send a written notice that informs the debtor of the amount of the debt, to whom the debt is owed, and the debtor's right to dispute the debt in writing within thirty (30) days of receipt of the letter, and the debtor's right to obtain a verification of the debt.

27. The § 1692g requirement is one of the most important requirements under the FDCPA, and the debtor's right to dispute the debt must not be overshadowed or inconsistent with other debt collection activities within the statutory thirty (30) day period to avoid confusing the least sophisticated debtors as to the debtor's validation rights.

28. The 1692g notice must be large and prominent enough to be noticed and easily read. *See Riveria v. MAB Collections, Inc.* 682 F.Supp. 174, 177 (W.D.N.Y. 1988).

29. Debt collector's activities may not contradict the rights under the 1692g notice in any way. *See Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222 (9th Cir. 1988).

5

30.   Defendant's January 18, 2017 letter stated as follows:

> If you do not dispute the validity of the debt or any portion thereof, you can cure the default by paying $14,059.16, within thirty-five (35) days after your receipt of this notice. If after thirty days after your receipt of this notice, you have not disputed the debt or any portion of the debt, and you have not paid the past due amount after thirty-five (35) days after your receipt of this notice, your indebtedness may be accelerated and foreclosure proceedings may be instituted.

31.   Defendant's January 18, 2017 letter was in violation of the 1692g based on its overshadowing activities, specifically, a demand for payment within the thirty-five (35) day period and a threat of the accelerated foreclosure proceeding.

32.   Defendant's demand for payment within the thirty-five (35) day period during which Plaintiff has the right to dispute the validity of debt, overshadowed Plaintiff's right to dispute the debt, and instead wrongfully insisted Plaintiff's payment.

33.   Collection abuses, especially by attorneys or law firms are highly discouraged, and subject attorneys to a higher standard, in order to protect the vulnerable, frightened, and often unsophisticated consumers. *See Pollard v. Law Office of Mandy L. Spaulding,* 766 F.3d 98, 106-07 (1st Cir. 2014) (holding that "[a]n attorney's imprimatur conveys authority," induced a consumer to act more quickly, and "reinforces the perception that it threatens immediate litigation.")

34.   Defendant here is subject to this higher standard because it sent abusive and misleading correspondence, overshadowing the most important rights of debtors.

35.   Defendant's abusive collection practices here warrant closer scrutiny because law firm's contact with a represented party is more abusive and threatening than a correspondence from a debt-collection agency.

6

36.  Defendant's correspondence in attempt to collect debt from Plaintiff constituted abusive and harassing means to collect a payment in violation of 15 U.S.C. § 1692d.

37.  Defendant's correspondence also constitute unfair and unconscionable means to collect, or attempt to collect, a debt in violation of 15 U.S.C. § 1692f.

38.  Plaintiff was personally affected because she was frustrated, distressed, and frightened as a result of the Defendant's abusive debt collection communication.

## CLASS ALLEGATIONS

39.  Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within California who received any collection correspondence from Defendant, that is identical or substantially similar to the January 18, 2017 correspondence Plaintiff received from Defendant, within the one year prior to the filing of this Complaint.

40.  Plaintiff represents, and is a member of, The Class, because Plaintiff received Defendant's January 18, 2017 correspondence.

41.  Defendant, its employees and agents are excluded from The Class.  Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

42.  Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: (a) Defendant, either directly or through its agents, illegally communicated with Plaintiff and The Class members in writing in which it failed to inform Plaintiff and The Class members of the amount for late charges and interest, added to Plaintiff's and The Class members' balance; (b) Defendant, either directly or through its agents, illegally communicated with Plaintiff and The Class members in writing in which they included similar

7

language within Plaintiff's correspondence, overshadowing the consumers' rights under 1692g to dispute the debt. Plaintiff and the Class members were damaged thereby.

43. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

44. The suit seeks damages and injunctive relief on behalf of The Class, and it expressly not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

45. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendant demands payment within its initial correspondences to consumers;

    b. Whether Defendant fails to inform consumers of the full amount of debt by vaguely referring to an unidentified "interest and late charges;"

    c. Whether Defendant's letter is false and misleading to the least sophisticated consumers;

    d. The nature and extent of damages and other remedies to which the

8

conduct of Defendant entitles the Class members.

46.    As a person that received collection correspondences from Defendant wherein Defendant fails to inform her of the total amount of debt by omitting the amount of interest and charges, Plaintiff is asserting claims that are typical of The Class.

47.    Plaintiff further received Defendant's correspondence in which defendant demanded payment within the thirty-five day period, overshadowing Plaintiff's rights to dispute the validity of debt, and thus asserting claims that are typical of The Class.

48.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

49.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

50.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

51.   Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. § 1692 *ET. SEQ.*

52.   Plaintiff repeats, re-alleges, and incorporates by reference, all other   paragraphs of this Complaint as though fully stated herein.

53.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 *et seq.*

54.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- This action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- An award of statutory damages of $1,000.00 per class member, or of $500,000.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to 15 U.S.C. § 1692k;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Prejudgment interest; and
- Any and all other relief that the Court deems just and proper.

Class Action Complaint for Damages

1

**TRIAL BY JURY**

2  55.    Pursuant to the seventh amendment to the Constitution of the United States   of

3  America, Plaintiff is entitled to, and demands, a trial by jury.

4

5                                                  Respectfully submitted,

6                                                  **HYDE & SWIGART**

7

8  Date:  May 1, 2017                          By:  s/Joshua Swigart
                                                Joshua B. Swigart, Esq.
9                                               josh@westcoastlitigation.com
                                                *Attorney for Plaintiff*
10

11

12

13  Additional Attorneys for Plaintiff:

14
    Abbas Kazerounian, Esq. (SBN: 249203)
15  ak@kazlg.com
    **KAZEROUNI LAW GROUP, APC**
16  245 Fischer Avenue
17  Costa Mesa, CA 92626
    Telephone: (800) 400-6808
18  Facsimile: (800) 520-5523

19
    Joeseph Samo, Esq. (SBN: 208836)
20  joe@samolaw.com
21  **SAMO LAW GROUP**
    2221 Camino Del Rio South, #305
22  San Diego, CA 92108
23  Telephone: (619) 672-1741

24

25

26

27

Class Action Complaint for Damages